OKORIE OKOROCHA (State Bar No. 226658)
117 E. Colorado Blvd. • Suite 465
Pasadena, California 91101
(626) 792-1301 Telephone
(626) 340-4141 Facsimile
Okorie@gmail.com

NATALYA VARTAPETOVA (CSBN: 247350)
3940 Laurel Canyon Blvd., Ste 1038
Studio City, Ca 91604
Ph: (818) 232-3190
Fax: (818) 232-3194
nvarta@yahoo.com

Attorneys for Plaintiff

FILED 11 JUL -6 AM 10: 19
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DESMOND CARTER,

        Plaintiff,

vs.

COUNTY OF LOS ANGELES; A POLITICAL SUBDIVISION OF THE STATE OF CALIFORNIA; BONDELL GOLDEN, an individual; DENNIS BURNS, an individual; MARVIN CAVANAUGH, an individual; AND DOES 1 THRU 10 INCLUSIVE

        Defendants.

Case No.: LACV11-5543 JHN(SSx)

COMPLAINT FOR:

VIOLATIONS OF FEDERAL CIVIL RIGHTS - ACTION UNDER 42 U.S.C. §§1983, ET SEQ. - FOR THE UNLAWFUL TAKING OF A PROPERTY INTEREST AND LIBERTY INTEREST WITHOUT DUE PROCESS OF LAW PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

JURY TRIAL DEMAND

1

COMPLAINT

## FACTS ONLY

1. Plaintiff Desmond Carter ("Carter") was a sworn peace officer employed by the County of Los Angeles ("COLA") in the State of California pursuant to the provisions of Penal Code §830.31 and was a POST-Certified peace officer in the State of California, from 2005 until August, 2010, when he was deprived of his liberty and property interests illegally, by Defendants COLA, BONDELL GOLDEN, an individual; DENNIS BURNS, an individual; MARVIN CAVANAUGH, an individual; AND DOES 1 THRU 10 INCLUSIVE (Defendants). All parties to the action resided and worked in and for the County of Los Angeles.

2. At all relevant times, Carter was an exceptional sworn police officer and exceeded all qualifications for the job in every respect. Carter was further medically qualified to perform the peace officer position at the Office of Public Safety (OPS) and Los Angeles Sheriff's Department ("LASD").

3. At all relevant times, Defendant COLA was and is a political subdivision, and is responsible for the offices of the COUNTY SHERIFF.

4. At all times herein mentioned, the individual defendants named herein were employees, agents, and/or representatives of COLA and/or LASD. Consequently, each named individual defendant herein was operating under the color and authority of law.

5. Further, at all times herein mentioned, the individual defendants named herein were decision-makers in determining which former OPS officers would be dismissed from their peace officer jobs. At no time did any of the

individual defendants named herein provide Carter with due process of law as required before an unlawful taking of a property interest and a reputation interest.

6. Carter is unaware of the true names and capacities of the Defendants sued herein as DOES 1-10 inclusive, and therefore, sues these Defendants under such fictitious names. Carter is informed and believes and thereon alleges that each of said fictitiously named Defendants is responsible in some manner for the actions and damaged alleged herein. Carter is furthermore informed and believes and thereon alleges that each of said fictitiously named Defendants was the agent, servant and employee of each and every other Defendant acting within the course and scope of his or her agency and employment and with the knowledge, ratification and consent of each respective principal. Carter will seek leave to amend this Complaint when their true names and capacities have been ascertained.

7. At all times herein mentioned, 42 U.S.C. §1983, et seq. were in full force and effect. This statutory scheme was designed to prevent the deprivation of civil rights by individuals acting under the color of state or local law.

8. In plain English: you cannot fire a police officer for alleged misconduct without giving him a hearing, discussing it or letting him clear his name. Why? Because, it ruins his career for life. No agency will never hire you again if you were fired for misconduct. So, consistent with what the Framers intended, police officers like Carter are always entitled to a hearing where there is alleged misconduct. The Defendants took that right away from him.

9. In legal terms: "[U]nquestionably, a broad discretion reposes in governmental agencies to determine which [probationary] employees they will retain'" [citation]. But there is an important exception to this rule, which is founded upon the Fourteenth Amendment. It arises where there is a deprival of the `liberty' guaranteed all persons by that amendment's due process clause. **The exception will**

**be applied where the probationary employee's job termination, or dismissal, is based on charges of misconduct which `stigmatize' his reputation, OR `seriously impair' his opportunity to earn a living [citation], or which `might seriously damage his standing or associations in his community'** [citations]." (*Lubey v. City and County of San Francisco* (1979) 98 Cal.App.3d 340, 345-346, fn. omitted (*Lubey*).)

10. So Carter was entitled to a hearing BEFORE being fired, or in legal terms: "Where there is such a deprival of a `liberty interest' the employee's `remedy mandated by the Due Process Clause of the Fourteenth Amendment is "an opportunity to refute the charge" [and] "to clear his name."' [Citation.] **He must be afforded `'"notice and opportunity for hearing appropriate to the nature of the case" before the termination becomes effective.'"** [Citation.]" (*Lubey*, supra, 98 Cal.App.3d at p. 346, fn. omitted.)

11. These rights are also entitlements under California law and this is not a novel idea, to wit, the Bill of Rights Act applies to probationary peace officers. (*Barnes v. Personnel Department* (1978) 87 Cal.App.3d 502, 504.) It permits the probationary peace officer the chance to establish a formal record of the circumstances surrounding his or her termination. (*Id.* at p. 506.) Also, Government Code section 3304 provides a peace officer "a chance to . . . try to convince his employer to reverse its decision . . . ." (*Riveros v. City of Los Angeles* (1996) 41 Cal.App.4th 1342, 1359.) **"Where there is such a deprival of a `liberty interest' the employee's `remedy mandated by the Due Process Clause of the Fourteenth Amendment is "an opportunity to refute the charge" [and] "to clear his name."' [Citation.] He must be afforded `'"notice and opportunity for hearing appropriate to the nature of the case" before the**

termination becomes effective.'"' [Citation.]" (*Lubey*, supra, 98 Cal.App.3d at p. 346, fn. omitted.).

12. In or about June 2010, the OPS and LASD merged, but at all times, Carter remained an employee of COLA. Nevertheless, as a result of the merger, Carter and the other OPS officers were reclassified as "probationary" employees, regardless of how much time they had already been employed by COLA, and regardless of whether or not they had previously passed their "probationary" periods.

13. As a result of the reclassification, Carter and the other OPS officers lost their rights, property interests and liberties.

14. The reclassification constitutes a violation of the Peace Officer Bill of Rights, which mandates that all employees of COLA who have been employed past their original probationary period when they were first hired, are deemed to have passed COLA's probationary period, and never get probation again just because they are given new uniforms. At the time COLA employees complete their probationary period, they become tenured employees.

15. In June 2010, Carter had already completed his probationary period with COLA, and had been an officer for 5 years, while with OPS. As such, there was no basis for COLA to deprive Carter of his vested "property" and "liberty" interests in his job simply because two COLA Departments merged.

16. In August., 2010, Carter was nearly killed by a drunk assailant named Ronald Teeman, who was recklessly driving around erratically and hitting things. **Teeman was hammered and had just had a confrontation at a bar. Teeman then had a collision with Carter's car while driving in a parking lot. Carter asked Teeman to exchange information, and Teeman tried to escape,**

5

dragging Carter around the parking lot while incredibly drunk. As the Los Angeles Detectives and District Attorney determined, Carter had a DUTY to use force to stop this maniac. Carter, as a police officer had to stop this drunken maniac from driving around and hitting things.

17. In connection with the above incident, Carter discharged his weapon at drunk driver's vehicle, as he was a fleeing felon As a result, as is required every time a sworn peace officer discharges his weapon, COLA conducted an investigation into the incident. Carter was interviewed by Defendants in connection with the investigation. At the conclusion of the investigation, on or about early 2011, Carter was informed by the Los Angeles District Attorney, that he was cleared of any wrongdoing.

18. In August, 2010, 6 days after the incident with the suspected drunk driver, Carter was Given a letter by the Defendants in this case, and the letter told Carter, that he lacked judgement, lacked common sense and was dangerous, and therefore was being fired.

**FIRST CAUSE OF ACTION FOR VIOLATIONS OF FEDERAL CIVIL RIGHTS - ACTION UNDER 42 U.S.C. §§1983, ET SEQ. - FOR THE UNLAWFUL TAKING OF A PROPERTY INTEREST AND LIBERTY INTEREST WITHOUT DUE PROCESS OF LAW PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

(Against All Defendants)

19. Carter incorporates paragraphs 1 through 18 herein by reference, as if set forth in full.

6

20.  Carter had been a peace officer of the former OPS, a law enforcement agency operated under the aegis and jurisdiction of Co-Defendant COLA and was considered to be an employee of COLA. At the time of his termination, Carter has passed his probationary period and could only be terminated for "good cause". Carter was NOT an "at will" employee who could be terminated with or without a good reason and with or without notice of that so-called "good reason". Before he could be effectively terminated from his peace officer position, Carter was entitled to a due process hearing ("Skelly-type" hearing or "liberty interest" hearing or any similar type of hearing with notice of the reasons for his particular dismissal from employment with COLA and the ability to challenge the so-called reasons before an impartial and neutral fact-finder and decision-maker).

21.  Carter was accused of misconduct, lacking common sense, recklessly firing his weapon, and lacking judgment, all of which meant the loss of his job, career, reputation, liberty and property, all without a chance to clear his name, without notice and without a hearing.

22.  As a result of Defendants' unlawful actions, Carter lost his POST certification, his career, livelihood and everything he ever worked for. Defendants simply took everything away from the Plaintiff illegally. Carter life has been destroyed and he and his wife live in fear of the criminals he arrested and to whom he was custodian.

23.  Carter had a legitimate claim of entitlement to his career and chosen profession as a peace officer, which gave rise to a protected property interest and liberty interest that imposed a significant limitation on the discretion of the individual decision-makers and COLA. These interests arose both under state

law and under the Fifth and Fourteenth Amendments to the United States Constitution.

24. Carter also had a legitimate claim of entitlement to his reputation interest as a peace officer. This reputation interest also imposed a significant limitation on the discretion of the individual decision-makers.

25. Carter was subjected to dismissal as a peace officer because of allegations OF MISCONDUCT WITHOUT NOTICE OR A HEARING, EVEN THOUGH he had and/or has a liberty interest in his employment and in his reputation which is protected by the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, since his ultimate dismissal effectively precluded him from future work in his chosen profession.

26. Defendants violated Carter's civil rights by making decisions that affected his Fifth Amendment property interests and their reputation interests without providing him with due process of law under the Fourteenth Amendment. This action is redressable under 42 U.S.C. §§ 1983, et seq., and said statute also provides Carter the full panoply of remedies available under this federal statutory scheme.

27. As a direct result of the unlawful deprivation of the federal civil rights arising under this cause of action, Carter has sustained, and will continue to sustain for a period of time, compensatory damages, including, but not limited to, loss of income and lost future earning capacity, all in an amount according to proof at the trial of this action.

28. As a further direct result of the unlawful deprivation of his federal civil rights, Carter has sustained, and will continue to sustain for a period of time, general damages, including, but not limited to, loss of income and lost

COMPLAINT

future earning capacity, all in an amount according to proof at the trial of this action.

29.     Carter is entitled to his reasonable attorney's fees pursuant to 42 U.S.C. §1988(b).

30.     Each named individual defendant herein acted with malice, oppression, and fraud, and therefore is liable in punitive damages in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For special damages for the care and treatment of physical injuries and emotional distress;

2. For general damages in a sum to be determined according to proof;

3. For punitive damages against individual defendants under applicable causes of action;

4. For Declaratory relief under 42 U.S.C. Section 1983;

5. For Attorney's Fees under 42 U.S.C. Section 1988;

6. For costs of suit; and

7. For such other and further relief as this court may deem just and proper.

DATED:    July 4, 2011

OKORIE OKOROCHA
Attorney for Plaintiff

COMPLAINT

DESMOND CARTER

## JURY TRIAL DEMAND

**Plaintiff hereby demands and requests a trial by jury.**

DATED:    July 4, 2011

_____
OKORIE OKOROCHA
Attorney for Plaintiff

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Jacqueline Nguyen and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

**CV11- 5543 JHN (SSx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
OKORIE OKOROCHA (State Bar No. 226658)
117 E. Colorado Blvd., Suite 465
Pasadena, CA 91105
626-792-1301 Telephone
Email: okorie@gmail.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| DESMOND CARTER, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. County of Los Angeles; A Political Subdivision of the State of California; Bondell Golden, an individual; Dennis Burns, an individual; Marvin Cavanaugh, an individual; and Does 1 thru 10 inclusive DEFENDANT(S). | LACV11-5543 JHN (SSx) SUMMONS |

TO: DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, OKORIE OKOROCHA , whose address is 117 E. COLORADO BLVD., SUITE 465, PASADENA, CA 91105 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JUL - 6 2011          By: __S. Bushman__
                                  Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                          **SUMMONS**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
DESMOND CARTER

**DEFENDANTS**
COUNTY OF LOS ANGELES; A POLITICAL SUBDIVISION OF THE STATE OF CALIFORNIA; BONDELL GOLDEN, an individual; DENNIS BURNS, an individual; MARVIN CAVANAUGH, an individual; AND DOES 1 THRU 10 INCLUSIVE

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
OKORIE OKOROCHA (State Bar No. 226658)
117 E. Colorado Blvd. • Suite 465
Pasadena, California 91101  Phone: (626) 792-1301

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. §§1983

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☒ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **LACV11-5543**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☒ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date July 4, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |