1  Michelle B. Ghaltchi, State Bar No. 242482
   MANNING & KASS
2  ELLROD, RAMIREZ, TRESTER, LLP
   15th Floor at 801 Tower
3  801 South Figueroa Street
   Los Angeles, CA 90017
4  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
5  Email: mbg@manningllp.com

6  Attorneys for Defendants
   COUNTY OF LOS ANGELES, BONDELL GOLDEN, DENNIS BURNS, and
7  MARVIN CAVANAUGH

8

9                  UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11

12  DESMOND CARTER,                          )  Case No.: CV-11-5543-JHN
                                             )  (SSx)
13                   Plaintiff,              )
                                             )  **ANSWER OF DEFENDANTS
14  vs.                                      )  COUNTY OF LOS
                                             )  ANGELES, BONDELL
15  COUNTY OF LOS ANGELES; A                 )  GOLDEN, DENNIS BURNS,
    POLITICAL SUBDIVISION OF THE             )  AND MARVIN CAVANAUGH
16  STATE OF CALIFORNIA; BONDELL             )  TO PLAINTIFF'S
    GOLDEN, an individual, DENNIS BURNS,     )  COMPLAINT; DEMAND
17  an individual; MARVIN CAVANAUGH, an      )  FOR JURY TRIAL**
    individual; AND DOES 1 THRU 10           )
18  inclusive,                               )  Complaint filed: July 6, 2011
                                             )
19                   Defendants.             )
                                             )
20  _____ )

21        Defendants COUNTY OF LOS ANGELES, BONDELL GOLDEN, DENNIS

22  BURNS, and MARVIN CAVANAUGH answering Plaintiff's Complaint filed on

23  July 6, 2011, admit, deny and allege as follows:

24        1.    Answering paragraph 1, defendants deny the allegations contained

25  therein.

26        2.    Answering paragraph 2, defendants deny the allegations contained

27  therein.

28        3.    Answering paragraph 3, defendants admit the allegations contained

G:\docsdata\mbg\Carter\Pldg\Answer.wpd

therein.

4.     Answering paragraph 4, defendants admit the allegations contained therein.

5.     Answering paragraph 5, defendants deny the allegations contained therein.

6.     Answering paragraph 6, defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

7.     Answering paragraph 7, this is a restatement of law and/or argument. No factual allegations are made therein, and on that basis the paragraph goes unanswered.

8.     Answering paragraph 8, this is a restatement of law and/or argument. No factual allegations are made therein, and on that basis the paragraph goes unanswered. Defendants deny and depravation of plaintiff's rights occurred.

9.     Answering paragraph 9, this is a restatement of law and/or argument. No factual allegations are made therein, and on that basis the paragraph goes unanswered.

10.    Answering paragraph 10, this is a restatement of law and/or argument. No factual allegations are made therein, and on that basis the paragraph goes unanswered.

11.    Answering paragraph 11, this is a restatement of law and/or argument. No factual allegations are made therein, and on that basis the paragraph goes unanswered.

12.    Answering paragraph 12, defendants deny the allegations contained therein.

13.    Answering paragraph 13, defendants deny the allegations contained therein.

14.    Answering paragraph 14, defendants deny the allegations contained

G:\docsdata\mbg\Carter\Pldg\Answer.wpd

therein.

15.    Answering paragraph 15, defendants deny the allegations contained therein.

16.    Answering paragraph 16, defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

17.    Answering paragraph 17, defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

18.    Answering paragraph 18, defendants deny the allegations contained therein. However, defendants admit a letter was sent to plaintiff on September 3, 2010, notifying him of his discharge.

19.    Answering paragraph 19, which incorporates by reference the allegations of other paragraphs of the pleading, defendants to the same extent incorporate by reference the answers provided herein to those paragraphs.

20.    Answering paragraph 20, defendants deny the allegations contained therein.

21.    Answering paragraph 21, defendants deny the allegations contained therein.

22.    Answering paragraph 22, defendants deny the allegations contained therein.

23.    Answering paragraph 23, defendants deny the allegations contained therein.

24.    Answering paragraph 24, defendants deny the allegations contained therein.

25.    Answering paragraph 25, defendants deny the allegations contained therein.

26.    Answering paragraph 26, defendants deny the allegations contained

therein.

27.    Answering paragraph 27, defendants deny the allegations contained therein.

28.    Answering paragraph 28, defendants deny the allegations contained therein.

29.    Answering paragraph 29, defendants deny the allegations contained therein.

30.    Answering paragraph 30, defendants deny the allegations contained therein.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a cause of action against defendants COUNTY OF LOS ANGELES, BONDELL GOLDEN, DENNIS BURNS, and MARVIN CAVANAUGH.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate the damages, if any, which plaintiff has sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, plaintiff has failed to use reasonable diligence and to take reasonable steps to reduce any damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's recovery is barred for failure to timely comply with the provisions of the claims statutes, including, but not limited to, Government Code sections 901, 905, 905.2, 911.2, 945.4 and/or 946.6.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff's recovery is barred because public entities and employees are immune from liability for any act or omission while exercising due care in the execution or enforcement of any law.

## FIFTH AFFIRMATIVE DEFENSE

The complaint fails to set forth facts sufficient to constitute a cause of action

1  for punitive damages because a public entity is immune from liability for damages

2  awarded under Civil Code section 3294 or other damages imposed primarily for the

3  sake of example and by way of punishing the defendant.

## SIXTH AFFIRMATIVE DEFENSE

5  The complaint fails to set forth facts sufficient to constitute a cause of action

6  for punitive damages because a peace officer is not liable for punitive damages

7  absent clear and convincing proof of malice, oppression or reckless disregard for

8  plaintiff's rights.

## SEVENTH AFFIRMATIVE DEFENSE

10  The plaintiff's claim for emotional distress is barred because defendant had no

11  knowledge of plaintiff's susceptibility to emotional distress and plaintiff alleged no

12  more than that which a reasonable person would have been able to adequately cope.

## EIGHTH AFFIRMATIVE DEFENSE

14  The plaintiff's claim under the Federal Civil Rights Act is barred because

15  common law causes of action do not constitute cognizable claims under 42 U.S.C. §

16  1983.

## NINTH AFFIRMATIVE DEFENSE

18  The plaintiff's claim under the Federal Civil Rights Act is barred because the

19  complaint fails to allege facts that go beyond mere tortious conduct and rise to the

20  dignity of a civil rights violation.

## TENTH AFFIRMATIVE DEFENSE

22  These peace officer defendants are immune from liability for plaintiff's federal

23  civil rights claims based upon qualified immunity because they did not violate

24  plaintiff's constitutional rights, and even if plaintiff's rights were violated, they were

25  not clearly established at the time such that a reasonable peace officer would know

26  his or her actions were wrongful.

## ELEVENTH AFFIRMATIVE DEFENSE

28  That at no time and place mentioned in the Complaint, did Defendants deprive

Plaintiff of any right, privilege, or immunity guaranteed by the Constitution or laws of the United States and, therefore, Defendants are immune from liability.

### TWELFTH AFFIRMATIVE DEFENSE

Any state law claims are barred by Plaintiff's failure to comply with the Government Tort claims presentation requirements, Government Code § § 900, et seq., including, but not limited to §§ 900, 900.4, 901, 905, 905.2, 910, 911, 911.2, 911.4, 945.4, 945.6, 946.6, 950.2 and 950.6.

### THIRTEENTH AFFIRMATIVE DEFENSE

That a public employee may not be held liable for injuries or damages, if any, caused by failure to adopt or by adoption of an enactment or by failure to enforce an enactment and/or law, for an injury caused by his issuance, denial, suspension or revocation or by his failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization, where he is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked, pursuant to Government Code, Sections 818.2, 818.4, 818.8, 821 and 821.2.  Based thereon, Defendants are immune from liability for any injuries claimed by Plaintiff, herein.

### FOURTEENTH AFFIRMATIVE DEFENSE

There may not be liability for any alleged civil rights violation committed by Defendant(s) and/or their subordinates, absent a showing that the violation was committed pursuant to an official policy or custom enacted or maintained by Defendants. *Monell v. Department of Social Services of the City of New York*, (1978) 436 U.S. 658.  Defendants deny that Plaintiff was deprived of any civil right as a result of any official policy, custom or practice tolerated by these Defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is barred because plaintiff failed to exhaust his administrative remedies.

G:\docsdata\mbg\Carter\Pldg\Answer.wpd

## SIXTEENTH AFFIRMATIVE DEFENSE

The causes of action alleged in the complaint are barred by the applicable statutes of limitations, including, but  not limited to the provisions of Code of Civil Procedure sections 337, 337.1, 337.15, 338(1), 338(2), 338(4), 339, 340(3) and/or 343.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Because the Complaint is couched in conclusory terms, answering Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

WHEREFORE defendants COUNTY OF LOS ANGELES, BONDELL GOLDEN, DENNIS BURNS, and MARVIN CAVANAUGH, pray that plaintiff take nothing by this action and that defendants be awarded costs and all other just relief.

Dated:   August 29, 2011

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP


By:___/s/_____
           Michelle B. Ghaltchi

Attorneys for Defendants,
COUNTY OF LOS ANGELES,
BONDELL GOLDEN, DENNIS
BURNS, MARVIN CAVANAUGH

G:\docsdata\mbg\Carter\Pldg\Answer.wpd

1

## **DEMAND FOR JURY TRIAL**

2         Defendants COUNTY OF LOS ANGELES, BONDELL GOLDEN, DENNIS

3   BURNS, and MARVIN CAVANAUGH, hereby demand trial of this matter by jury

4   pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-1.

5

6   Dated:   August 29, 2011                    MANNING & KASS
                                                 ELLROD, RAMIREZ, TRESTER LLP
7

8
                                                 By:   /s/
9                                                      Michelle B. Ghaltchi

10                                               Attorneys for Defendants,
                                                 COUNTY OF LOS ANGELES,
11                                               BONDELL GOLDEN, DENNIS
                                                 BURNS, MARVIN CAVANAUGH

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8