1  Michelle B. Ghaltchi, State Bar No. 242482
   MANNING & KASS
2  ELLROD, RAMIREZ, TRESTER, LLP
   15th Floor at 801 Tower
3  801 South Figueroa Street
   Los Angeles, CA 90017
4  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
5  Email: mbg@manningllp.com

6  Attorneys for Defendants,
   COUNTY OF LOS ANGELES, BONDELL GOLDEN,
7  DENNIS BURNS, and MARVIN CAVANAUGH

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12  DESMOND CARTER,                    )  Case No.: CV-11-5543-MWF (SSx)
                                       )
13                    Plaintiff,       )  **NOTICE OF MOTION AND**
                                       )  **MOTION OF DEFENDANTS**
14  vs.                                )  **FOR SUMMARY JUDGMENT**
                                       )  **AND/OR ADJUDICATION OF**
15  COUNTY OF LOS ANGELES; A           )  **ISSUES ON PLAINTIFF'S**
    POLITICAL SUBDIVISION OF THE       )  **COMPLAINT; MEMORANDUM**
16  STATE OF CALIFORNIA; BONDELL       )  **OF POINTS AND AUTHORITIES**
    GOLDEN, an individual, DENNIS      )
17  BURNS, an individual; MARVIN       )  [Declarations of Michelle B. Ghaltchi
    CAVANAUGH, an individual; and      )  and Lisa M. Rodriguez; Statement of
18  DOES 1 thru 10 inclusive,          )  Uncontroverted Facts and Conclusions
                                       )  of Law; Request for Judicial Notice;
19                    Defendants.      )  Proposed Order filed concurrently]
                                       )
20  _____   )  Date:        5-21-12
                                       )  Time:        2:00 p.m.
21                                        Ctrm.:       1600

22                                        Complaint filed: July 6, 2011

23  TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

24          PLEASE TAKE NOTICE THAT on May 21, 2012, at 2:00 p.m., in Courtroom

25  1600 of the above-captioned court, located at 312 N. Spring Street, Los Angeles, CA

26  90012, Defendants COUNTY OF LOS ANGELES, BONDELL GOLDEN, DENNIS

27  BURNS, and MARVIN CAVANAUGH will move for summary judgment or, in the

28  alternative, for summary adjudication of issues on plaintiff's Complaint on the following

issues:

1.    Plaintiff's Section 1983 claim fails as matter of law because plaintiff did not have a constitutionally protected right to continued employment when the Los Angeles Office of Public Safety ("OPS") was eliminated.  (Uncontroverted Facts Nos. 1-16.)

2.    Plaintiff's Section 1983 claim fails as matter of law because the Procedural Bill of Rights Act does not vest plaintiff with a property interest in continuing employment. (Uncontroverted Facts Nos. 1-16.)

3.    Plaintiff's Section 1983 claim fails as matter of law because the Los Angeles County's Civil Service Rules do not vest plaintiff with a property interest in continuing employment. (Uncontroverted Facts Nos. 1-16.)

4.    Plaintiff's Section 1983 claim fails as matter of law because plaintiff was not entitled to a *Skelly* hearing after he was discharged from his probationary position of Deputy Sheriff. (Uncontroverted Facts Nos. 1-16.)

5.    Plaintiff's Section 1983 claim based on the California Peace Officer's Bill of Rights fails as matter of law because Government Code §3304 expressly limits the application of section 3304 regarding hearing/appeal rights to officers who have completed probation.  (Uncontroverted Facts Nos. 1-16.)

6.    Plaintiff's Section 1983 claim against individual defendants Bondell Golden, Dennis Burns, and Marvin Cavanaugh lacks merit because they did not violate plaintiff's clearly established constitutional rights and, therefore, are entitled to qualified immunity.  (Uncontroverted Facts Nos. 1-16.)

This motion for summary judgment and/or summary adjudication is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the Statement of Uncontroverted Facts and Conclusions of Law, the Declarations of Michelle B. Ghaltchi and Lisa M. Rodriguez, the Request for Judicial Notice, on the exhibits, pleadings and files in this action, and such other matters as the court may choose to consider.

/ / /

1    The motion is being made following the conference of counsel on April 9, 2012,

2  as required by Local Rule 7-3.  (Ghaltchi Decl., ¶2.)

3

4  Dated:  April 23, 2012                    MANNING & KASS
                                             ELLROD, RAMIREZ, TRESTER LLP
5

6
                                             By:  /s/  Michelle B. Ghaltchi
7                                                  Michelle B. Ghaltchi

8                                            Attorneys for Defendants,
                                             COUNTY OF LOS ANGELES, BONDELL
9                                            GOLDEN, DENNIS BURNS, MARVIN
                                             CAVANAUGH

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

*Page*

1.   INTRODUCTION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2.   STATEMENT OF UNCONTROVERTED FACTS.. . . . . . . . . . . . . . . . . . . . 2

    a.   Plaintiff's Status as Probationary Employee. . . . . . . . . . . . . . . . . . . . . . 2

    b.   Plaintiff's Allegations Relating to Release from Probation.. . . . . . . . . . . 4

3.   PLAINTIFF'S SECTION 1983 CLAIM FAILS AS A MATTER OF LAW.. . 5

    a.   Plaintiff Does Not Have A Constitutionally Protected Right
        to Continued Employment Where OPS Was Eliminated
        by Legislative Vote. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        i.   The Procedural Bill of Rights Act Does Not Vest Plaintiff with
            a Property Interest in Continuing Employment.. . . . . . . . . . . . . . . . 6

        ii.  The Los Angeles County's Civil Service Rules Do Not Vest
            Plaintiff with a Property Interest in Continuing Employment.. . . . . . 6

    b.   Plaintiff Was Not Entitled to a *Skelly* Hearing after He Was
        Released from His Probationary Position of Deputy Sheriff. . . . . . . . . . 9

    c.   Plaintiff Has No Claim under the California Peace Officer's Bill
        of Rights.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

4.   THE  INDIVIDUAL  DEFENDANTS  ARE  ENTITLED  TO  QUALIFIED
    IMMUNITY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

5.   CONCLUSION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

## CASES                                                                 *Page*

*Bell v. Duffy*, 111 Cal. App. 3d 643 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Board of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972) . . . . . . . . . 5,10,11

*Brady v. Gebbie*, 859 F.2d 1543 (9th Cir.1988). . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Davis v. Scherer*, 468 U.S. 183 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Dorr v. County of Butte*, 795 F.2d 875 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . 10

*Guinn v. County of San Bernardino*, 184 Cal. App. 4th 941 (2010) . . . . . . . . . . . 13

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

*Holmgren v. Cnty. of Los Angeles*, 159 Cal. App. 4th 593 (2008) . . . . . . . . . . . . . 7

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001).. . . . . . . . . . . . . . . . . . . . 5

*Lubey v. City and County of San Francisco*, 98 Cal. App. 3d 340 (1979). . . . . . . 9, 11

*McGraw v. Huntington Beach*, 882 F.2d 384 (9th Cir. 1989). . . . . . . . . . . . . . . . . 9

*Pasadena Police Officers Assoc. v. City of Pasadena*, 51 Cal. 3d 564 (1990) . . . . . 6

*Perry v. Sindermann*, 408 U.S. 593 (1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Phillips v. Civ. Service Commission of San Diego County*,

    192 Cal. App. 3d 996 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Romero v. Kitsap County*, 931 F.2d 624 (9th Cir.1991) . . . . . . . . . . . . . . . . . . . . .13

*Roth v. Veteran's Admin.*, 856 F.2d 1401(9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . 1

*Saucier v. Katz*, 533 U.S. 194 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..13, 14

*Skelly v. State Personnel Board*, 15 Cal. 3d 194 (1975) . . . . . . . . . . . . . . . . . . . . 9

*Stretten v. Wadsworth Veterans Hospital*, 537 F.2d 361 (9th Cir. 1976) . . . . . .   1, 11

*Swift v. County of Placer*, 153 Cal. App. 3d 209 (1984) . . . . . . . . . . . . . . . . . . 12,13

*West v. Atkins*, 487 U.S. 42 (1988) .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*White v. County of Sacramento*, 31 Cal. 3d 676 (1982) . . . . . . . . . . . . . . . . . . . . . 6

*Williams v. Department of Water & Power*, 130 Cal. App. 3d 677 (1982). . . . . . . 11

*Zuniga v. Los Angeles Cnty. Civil Service Commission*,

    137 Cal. App. 4th 1255 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

G:\docsdata\mbg\Carter\Pldg\MSJ\MSJ.001.wpd

# TABLE OF AUTHORITIES (cont'd)

## STATUTES

***Page***

Gov. Code

§ 3303. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 12

§ 3304. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 12

§ 3307. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

§ 3308. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

G:\docsdata\mbg\Carter\Pldg\MSJ\MSJ.001.wpd

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**1.**    <u>**INTRODUCTION.**</u>

Plaintiff Desmond Carter asserts a §1983 claim based on his release as a probationary employee with the Los Angeles County Sheriff's Department.  Plaintiff claims he was deprived of his "property interest" in employment based on the lack of a *Skelly* hearing and the "merger" of the Los Angeles Office of Public Safety ("OPS") with the Los Angeles County Sheriff's Department which resulted in the "reclassification" of plaintiff's employment status. As set out below, neither the Procedural Bill of Rights Act and/or the Los Angeles County's Civil Service Rules vests plaintiff with a property interest in continuing employment where the Los Angeles County Board of Supervisors, exercising its legislative authority, eliminates an entire department.

Plaintiff also claims he was entitled to a *Skelly* hearing after he was discharged from his probationary position of deputy sheriff. However, plaintiff, as a probationary employee, was not entitled to a *Skelly* hearing because his discharge did not involve conduct of moral turpitude. Rather, plaintiff was found to have demonstrated a lack of good judgment and common sense, and, did not meet the core values or the minimum standards of the Deputy Sheriff position. Here, because plaintiff's discharge was based on a lack of good judgment and common sense, and not conduct involving moral turpitude, his discharge did not infringe his liberty interest, and he was not entitled to a hearing. *See Roth v. Veteran's Admin.*, 856 F.2d 1401, 1411 (9th Cir. 1988) (employer who implied that employee could not get along well with others and would make a poor manager did not violate employee's liberty interest because statements did not foreclose employee's ability to practice his profession); *Stretten v. Wadsworth Veterans Hospital*, 537 F.2d 361, 366 (9th Cir. 1976) (no due process violation when employer charged employee with incompetence and claimed employee could not get along with others since these charges would not prevent the employee from practicing medicine).

In addition, plaintiff has no claim under the California Peace Officer's Bill of

G:\docsdata\mbg\Carter\Pldg\MSJ\MSJ.001.wpd

1  Rights because Government Code §3304 expressly limits the application of section 3304

2  regarding hearing/appeal rights to officers who have completed probation.

3      Finally, the individually named defendants are entitled to qualified immunity.

4  **2.**   **STATEMENT OF UNCONTROVERTED FACTS.**

5      **a.**   **Plaintiff's Status as Probationary Employee.**

6      Beginning on June 14, 2010, plaintiff was on probation with the Los Angeles

7  County Sheriff's Department in the capacity of a Deputy Sheriff Generalist Department.

8  The probationary rating period was from June 14, 2010, through June 13, 2011. While

9  on probation, plaintiff was assigned to Pitchess Detention Center - South Facility. His

10 duties consisted of providing for the safety and security of inmates. Uncontroverted Fact

11 ("UF") 1.

12     Prior to June 2010, plaintiff was working for the Office of Public Safety ("OPS")

13 as Safety Police Officer from 2005 to 2010. The OPS no longer exists, and the position

14 of Safety Police Officer does not exist anywhere else within the County. Plaintiff then

15 applied for the position Deputy Sheriff Generalist. This is the  position which plaintiff

16 then failed his probation. Plaintiff did not hold any position with the County prior to that

17 of Safety Police Officer. UF 2.

18     On September 3, 2010, plaintiff was released from probation as a Deputy Sheriff

19 Generalist and discharged from employment with the Los Angeles County Sheriff's

20 Department. Plaintiff's discharge was based on his conduct being incompatible with

21 County employment and the Los Angeles County Sheriff's Department based on an

22 incident which occurred on August 21, 2010. The Department found that on that date

23 plaintiff, while off duty, shot at a moving vehicle that was exiting a parking lot, without

24 justification. The Department found that by his conduct, plaintiff failed to take into

25 consideration the public safety when there was no immediate threat of great bodily harm

26 or death. A preliminary investigation by the Sheriff's Department revealed that the off-

27 duty shooting was incompatible with County employment and the Los Angeles County

28 Sheriff's Department.  The Department found that plaintiff demonstrated a lack of good

G:\docsdata\mbg\Carter\Pldg\MSJ\MSJ.001.wpd

judgment and common sense, and, therefore, did not meet the Department's core values or the minimum standards of the Deputy Sheriff position. It was recommended that plaintiff be terminated from his probationary position of Deputy Sheriff. On September 3, 2010, the Department sent plaintiff a Letter of Discharge.  UF 3.

On September 16, 2010, plaintiff appealed his release from his probationary position of Deputy Sheriff to the Civil Service Commission, and on September 17, 2010, plaintiff requested a liberty interest hearing.  UF 4.

On September 23, 2010, Rick Brouwer, Legal Advisor of the Advocacy Unit of the Los Angeles County Sheriff's Department Headquarters, responded to plaintiff's request for a hearing on his probationary discharge. Mr. Brouwer explained that the due process right of a Liberty Interest hearing becomes an issue and is usually granted when an employee's moral character and reputation for dishonesty become an issue. More importantly, the charge must seriously damage the employee and involve moral turpitude. Demonstrating a lack of good judgment and common sense is not a crime of moral turpitude, and, therefore is not a stigmatizing charge of dishonesty or immorality. Although plaintiff's off duty actions demonstrated his lack of common sense and good judgment, his actions did not seriously damage or impair his ability to earn a living or to obtain other employment opportunities to which he may be better qualified. Consequently, since plaintiff was not entitled to the due process right of a Liberty Interest hearing, his request for a hearing on his probationary discharge was denied. UF 5.

On November 18, 2010, the County of Los Angeles Department of Human Resources ("DHR") sent a letter to plaintiff's counsel, in response to plaintiff's September 16, 2010 letter of appeal. As indicated in the 11-18-10 letter, in evaluating the appropriateness of the probationary discharge, the DHR reviewed plaintiff's appeal letter and the Report on Probationer for rating period June 14, 2010, through June 13, 2011. The DHR also contacted the Department to obtain additional documents and information relevant to the action. Based on this review, the DHR concluded the

Department acted appropriately in discharging plaintiff from his probationary position. As noted by the DHR, the probationary period is the final step in the selection process and a time during which an employee must demonstrate the ability to perform all elements of the position without an inordinate amount of supervision. In addition, deputy sheriffs are held to one of the highest standards on and off duty. The DHR did not find that the Sheriff's Department erred in its decision to discharge plaintiff. Accordingly, the DHR denied plaintiff's appeal.  UF 6.

On December 8, 2010, the Civil Service Commission denied plaintiff's request for a hearing, but afforded him the opportunity to submit an amended petition. On February 16, 2011, the Commission denied the amended petition for a hearing. UF 7.

The Los Angeles County District Attorney's Office did not file charges against plaintiff as a result of the August 2010 incident. UF 8.

**b.   Plaintiff's Allegations Relating to Release from Probation.**

Plaintiff claims he was entitled to a liberty interest hearing after he was released from probation. UF 9. Plaintiff claims he was entitled to a hearing under the Police Officer Bills of Rights. UF 10.

Plaintiff is not complaining that he was required to go through a probationary period when he went over to the sheriff's department. Plaintiff is complaining that unless he committed an act of misconduct and there were legitimate grounds to terminate him altogether from the County, there should have been a job to go back to if the County felt plaintiff did not meet the standards of the sheriff's department. UF 11.

Plaintiff admits that after he did not pass his probationary period, there was no old position to go back to. UF 12.

Plaintiff admits that it is not clear that he was terminated for misconduct. UF 13.

Plaintiff claims his right to a civil service hearing should have been granted. Plaintiff also feels his rights were violated in how the Department conducted their investigation and in the process of how he was terminated. UF 14.

Plaintiff believes Chief Burns made the decision to terminate plaintiff and that

Chief Burns' ratification of Captain Golden's recommendation to terminate plaintiff has prevented plaintiff from pursuing other opportunities in law enforcement.  UF 15.

Plaintiff believes that at the time of the incident, Marvin Cavanaugh was a sheriff's department assistant sheriff, and he put the final signature and approval on plaintiff's termination paperwork. UF 16.

**3.    PLAINTIFF'S SECTION 1983 CLAIM FAILS AS A MATTER OF LAW.**

**a.    Plaintiff Does Not Have a Constitutionally Protected Right to Continued Employment Where OPS Was Eliminated by Legislative Vote.**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or federal statute was violated; and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In this case, plaintiff claims he was deprived of his "property interest" in employment based on the lack of a *Skelly* hearing and the merger of the Los Angeles Office of Public Safety ("OPS") with the Los Angeles County Sheriff's Department which resulted in the reclassification of plaintiff's employment status. (Complaint, ¶¶12-13.)  Plaintiff claims that Defendants violated his Fifth Amendment property interests and rights by failing to provide him with due process under the Fourteenth Amendment. (Complaint, ¶26.)

The due process clause of the Fifth Amendment applies "only to actions of the federal government – not to those of state or local governments." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The Complaint does not allege, nor can plaintiff prove, that any federal involvement of any kind in the elimination of OPS. Therefore, to the extent plaintiff's Section 1983 claim is predicated on the Fifth Amendment, it lacks merit as a matter of law.

With respect to the due process clause of the Fourteenth Amendment, an individual has a constitutionally protected property interest in continued employment only if he has a "legitimate claim of entitlement" to it, rather than a mere "unilateral expectation." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). A

legitimate claim of entitlement arises only if it is created by "existing rules or understandings that stem from an independent source such as state law." *Ibid*. Thus, "[s]tate law defines what is and what is not property that is subject to the due process clause of the Fourteenth Amendment." *Brady v. Gebbie*, 859 F.2d 1543, 1548 (9th Cir.1988).

Here, neither of the two possible sources of state law - the Procedural Bill of Rights Act and/or the Los Angeles County's Civil Service Rules - vests plaintiff with a property interest in continuing employment where the Los Angeles County Board of Supervisors, exercising its legislative authority, eliminates an entire department.

    **i.**    **The Procedural Bill of Rights Act Does Not Vest Plaintiff with a Property Interest in Continuing Employment.**

The Procedural Bill of Rights Act protects the rights of individual officers under investigation by their "employing public safety department" for job-related misconduct. See Gov't Code §§3303, 3304(b), 3307.5, 3308; *see, also, Pasadena Police Officers Ass'n v. City of Pasadena*, 51 Cal. 3d 564, 574 (1990) (holding that the protections of the Act "apply when a peace officer is interrogated in the course of an administrative investigation that might subject the officer to punitive actions . . . ."); *White v. County of Sacramento*, 31 Cal. 3d 676, 681-82 (1982) (holding that the Act provides "the right to an administrative appeal of punitive actions").

The Procedural Bill of Rights Act does not purport to immunize peace officers from job loss resulting from departmental eliminations, and it does not grant peace officers the right to a hearing prior to such an elimination.

    **ii.**    **The Los Angeles County's Civil Service Rules Do Not Vest Plaintiff with a Property Interest in Continuing Employment.**

The Civil Service Rules do not entitle plaintiff to continued employment in the face of job eliminations resulting from the Board's decision to dissolve OPS. Under California constitutional and decisional law, when a California county adopts a charter, as the County of Los Angeles has done here, its provisions "are the law of the State and

have the force and effect of legislative enactments." Cal. Const., art. XI, §§ 3-4. Under this so-called "home rule" doctrine, "county charter provisions concerning the operation of the county, and specifically including the county's right to provide 'for the number, compensation, tenure, and appointment of employees' (that is, a county's core operations) trump conflicting state laws." *Holmgren v. Cnty. of Los Angeles*, 159 Cal. App. 4th 593, 601 (2008) (quoting Cal. Const., art. XI, § 1, subd. (b)). In this case, the County's charter expressly permits the Board of Supervisors, "by ordinance, [to] consolidate or separate offices provided for in [the] Charter or by law." (Request for Judicial Notice ("RJN"), Ex. A [L.A. County Charter, art. III, § 11(4)] at pg.7 (number at bottom center of page).) In accordance with charter authority, the Board of Supervisors did precisely that. On December 15, 2009, during a regular meeting open to the public, the Board voted to "approve the consolidation of the Office of Public Safety (OPS) duties and functions into the Sheriff's Department and [to] eliminate OPS effective June 30, 2010." (RJN, Ex. B [12/15/09 Statement of Proceedings] at pg. 10 (number at bottom center of page.)

The charter vests the Board of Supervisors with authority to adopt Rules of the Civil Service System, and enumerates basic provisions to be established by those rules. (RJN, Ex. A [L.A. County Charter, art. IX, § 35] at pg. 32 (number at bottom center of page.) Nothing in the County's charter or the Civil Service Rules authorized thereunder entitles plaintiff to continued employment (much less employment in a specific position at LASD) in the face of job eliminations resulting from the Board's decision to dissolve OPS. (See RJN, Ex. D [Civil Service Rule 19] at pgs. 5-236 to 5-240 (number at bottom center of page.) To the contrary, the Civil Service Rules expressly note that employees may be laid off whenever necessary for "reasons of economy or lack of work," or where there are more employees than positions in any class within the department. (RJN, Ex. D [Rule 19.01] at pg. 5-236 (number at bottom center of page.) The complete lack of any guarantee of continued public employment in the event of an entire department's elimination is sufficient by itself to require dismissal of plaintiff's §1983 claim.

Plaintiff claims he should have been provided with an administrative hearing. But without a constitutionally protected property interest, there is no due process right to be heard. The Civil Service Rules confirm that fact. Under Rule 4.03A, the County Civil Service Commission ("the Commission") is directed to hold a hearing (assuming certain prerequisites are met) in cases involving "discharge or reduction." (RJN, Ex.D [Civil Service Rules] at pg. 5-201 (number at bottom center of page.) See *id*. at 5-233 to 5-234 (stating under Rule 18.02 the hearing rights afforded a permanent employee who is either discharged or reduced in grade or pay). Under the Rules, "reduction" is defined as synonymous with "demotion" and means "a lowering in rank or grade." (See Exhibit D - Rule 2.19, pg. 5-195; Rule 2.49, pg. 5-198.) Discharge is defined as a "separation from service for cause." (*Id*. at pg. 5-195) Plaintiff lost his job through the elimination of OPS in its entirety by legislative vote of the Board of Supervisors. That does not amount to a discharge for cause and cannot be characterized as a demotion, even if some former OPS employees subsequently sought and obtained jobs with a separate County law enforcement agency—the LASD.

Instead, the elimination of plaintiff's OPS positions falls squarely within the Civil Service Rules' definition of a layoff: "'Layoff means separation from a permanent position because of economy, lack of funds, lack of work, or because the position has been abolished." (See RJN, Exhibit D, pg. 5-196; see, also, Ex. B [12/15/09 Statement of Proceedings] at pg. 10 (number at bottom center of page)(stating that OPS was eliminated for economic reasons.) In contrast to Civil Service Rule 18.02, which expressly provides employees who have been "discharged" or "demoted" with the right to petition for a hearing, no such petition or hearing rights exist for employees who are laid off as part of the consolidation of an agency or the elimination of a position. (See RJN, Ex. D [Rule 19] at pgs. 5-236 to 5-240.) Neither plaintiff, the County, nor this Court can create that right for laid off employees where it does not expressly exist in the Civil Service Rules. *See Zuniga v. Los Angeles Cnty. Civil Serv. Comm'n*, 137 Cal. App. 4th 1255, 1259 (2006) ("A civil service commission created by charter has only the

G:\docsdata\mbg\Carter\Pldg\MSJ\MSJ.001.wpd

1  special and limited jurisdiction expressly authorized by the charter.").

2       Thus, plaintiff cannot prove that his position was eliminated with a
3  constitutionally-based assurance of permanent employment with LASD generally or as
4  deputy sheriffs specifically. *See Perry v. Sindermann*, 408 U.S. 593, 601 (1972) ("A
5  person's interest in a benefit is a 'property' interest for due process purposes if there are
6  such rules or mutually explicit understandings that support his claim of entitlement to
7  the benefit and that he may invoke at a hearing."). (*See, also*, RJN, Exhibit G (8-3-11
8  Order in *David Esparza v. County of Los Angeles*, USCD Case No. 11-2589-JFW (Ex),
9  finding that plaintiffs were not entitled to continued employment in the face of job
10 eliminations resulting from the Los Angeles Board of Supervisor's decision to dissolve
11 OPS, at page 4.)

12      According, plaintiff's §1983 claim lacks merit as a matter of law.

13      **b.    Plaintiff Was Not Entitled to a *Skelly* Hearing after He Was Discharged**
14           **from His Probationary Position of Deputy Sheriff.**

15      Plaintiff was discharged from his probationary position of Deputy Sheriff,
16 effective as of September 3, 2010. It is undisputed that the discharge was based on
17 plaintiff's conduct being incompatible with County employment and the Los Angeles
18 County Sheriff's Department. The Department found that plaintiff "demonstrated a lack
19 of good judgment and common sense, and, therefore, does not meet the Department's
20 core values or the minimum standards of the Deputy Sheriff position." (UF 3.)

21      "Under California law, a probationary civil service employee ordinarily has no
22 property interest in continued public employment and may be dismissed without a
23 hearing or judicially cognizable good cause." *McGraw v. Huntington Beach*, 882 F.2d
24 384, 389 (9th Cir. 1989), citing *Lubey v. City and County of San Francisco*, 98 Cal.
25 App. 3d 340, 345 (1979); *see also Phillips v. Civ. Serv. Comm'n of San Diego County*,
26 192 Cal. App. 3d 996, 1000 (1987) (probationary employee may be dismissed without
27 a hearing and without judicially cognizable good cause).

28      The holding in *Skelly v. State Personnel Bd.*, 15 Cal.3d 194 (1975) that a

**permanent** civil service employee is entitled to a property interest in continued employment which is protected by due process is predicated on the finding that permanent civil service employees possess a property right in continued employment because they cannot, under statutory law, be disciplined without cause. *Id*. at 207, 215. That is not the case with a probationary employee who can be dismissed at will by the appointing power. The Civil Service Rules do not give a probationary employee a reasonable expectation of continued employment. (See Civil Service Rules 12, 17, and 18, RJN, Exhibit H.) Civil Service Rule 18.05 provides that an employee who has not yet completed a first probationary period may be discharged or reduced by the appointing power by written notice. Rule 18.05 does <u>not</u> say "may be discharged or reduced only based on cause." When a probationary rejection may be based on the appointing authority's subjective evaluation of the employee's performance, no expectation of continued employment is created. *Dorr v. County of Butte*, 795 F.2d 875, 878 (9th Cir. 1986); *Bell v. Duffy*, 111 Cal. App. 3d 643, 650 (1980) ("A public employee serving at the pleasure of the appointing authority . . . is by the terms of his employment subject to removal without judicially cognizable good cause.") (citations omitted).

Although a probationary employee may generally be dismissed without a hearing and without good cause, an employee's liberty may be impaired if the government, in connection with an employee's dismissal or failure to be rehired, makes a "charge against him that might seriously damage his standing and associations in the community," such as a charge of dishonesty or immorality, or would "impose[] on him a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities." *Board of Regents v. Roth*, 408 U.S. 564, 573 (1972).

*Roth* distinguishes between a stigma of moral turpitude, which infringes the liberty interest, and other charges such as incompetence or inability to get along with co-workers which does not: The Supreme Court recognized that "where a person's good name, reputation, honor or integrity is at stake" his right to liberty under the Fourteenth

1    Amendment is implicated and deserves constitutional protection. *Id*. at 574.

2         "In the context of *Roth*-type cases, a charge which infringes one's liberty can be

3    characterized as an accusation or label given the individual by his employer which

4    belittles his worth and dignity as an individual and, as a consequence is likely to have

5    severe repercussions outside of professional life. Liberty is not infringed by a label of

6    incompetence, the repercussions of which primarily affect professional life, and which

7    may well force the individual down one or more notches in the professional hierarchy."

8    *Stretten v. Wadsworth Veterans Hospital*, 537 F.2d 361, 366 (9th Cir. 1976).

9         In *Stretten*, the Ninth Circuit rejected the constitutional claim of a doctor

10   discharged for incompetence. The *Stretten* court found that the doctor's liberty interest

11   was not implicated when "[a]ll the charges which surround his termination center around

12   his inability to perform satisfactorily as a pathology resident, including an unwillingness

13   or inability to deal with his coworkers in a professional manner." *Stretten*, 537 F.2d at

14   366. In *Roth*, the U.S. Supreme Court found no due process violations arising from the

15   state's refusal to rehire the professor because "[i]t did not base the nonrenewal of his

16   contract on a charge, for example, that he had been guilty of dishonesty, or immorality."

17   *Roth*, 408 U.S. at 573.

18        On the opposite end of the spectrum from *Stretten* and *Roth* is *Lubey, supra*, 98

19   Cal. App. 3d 340, which involved the moral turpitude of police officers who were also

20   advised by the civil service commission that they were not entitled to any future city and

21   county employment.  *Id*. at  344.  This case is more akin to *Stretten* and *Roth* because

22   it does not involve conduct of moral turpitude; rather, plaintiff was found to have

23   demonstrated a lack of good judgment and common sense, and, did not meet the core

24   values or the minimum standards of the Deputy Sheriff position. As noted in *Williams*

25   *v. Department of Water & Power*, 130 Cal. App. 3d 677 (1982), "[n]early any reason

26   assigned for dismissal is likely to be to some extent a negative reflection on an

27   individual's ability, temperament,  or character...But not every dismissal assumes a

28   constitutional magnitude." *Id*. at 685 (citations omitted; finding that city employee's

G:\docsdata\mbg\Carter\Pldg\MSJ\MSJ.001.wpd

termination for excessive absenteeism did not implicate property interest in continued employment).

Here, because plaintiff's discharge was based on a lack of good judgment and common sense, and not conduct involving moral turpitude, his discharge did not infringe his liberty interest, and plaintiff's §1983 claim fails as a matter of law.

**c.   Plaintiff Has No Claim under the California Peace Officer's Bill of Rights.**

Plaintiff has no claim under the California Peace Officer's Bill of Rights. Government Code §3304 expressly limits the application of section 3304 regarding hearing/appeal rights to officers who have completed probation. See Government Code §3304(b) ("No punitive action, nor denial of promotion on grounds other than merit, shall be undertaken by any public agency against any public safety officer who has successfully completed the probationary period that may be required by his or her employing agency without providing the public safety officer with an opportunity for administrative appeal."). *See, also, Swift v. County of Placer*, 153 Cal.App.3d 209, 215 (1984) (no administrative hearing of any kind was required prior to the dismissal of a deputy sheriff who was a probationary employee, where the reason for his rejection from permanent status was that he had not demonstrated all the qualifications necessary to be a deputy sheriff, and where no charge of misconduct was made against him).

"Bare rejection during an initial hiring probation is not 'punitive action' which triggers the 'administrative appeal' right provided by section 3304, subdivision (b)... " *Swift*, 153 Cal.App. 3d at 216. "The absence of 'rejection during probation' from the types of personnel actions listed as 'punitive action' in section 3303 is highly pertinent. Rejection during probation is a discrete variety of personnel action recognized in the State Civil Service Act. The absence of such a recognized variety of personnel action from the list in section 3303 and from the comparable provision of the State Civil Service Act strongly suggests that the right to an administrative appeal provided by section 3304 does not apply." *Id*. at 216-217 (fn. and citations omitted).

G:\docsdata\mbg\Carter\Pldg\MSJ\MSJ.001.wpd

"The reason for Swift's rejection from permanent status was '[he] has not demonstrated all the qualifications necessary to be a deputy sheriff, i.e., failure to meet minimum work standards.' On this record Swift's rejection involved no deprivation of due process." *Swift,* 153 Cal.App. 3d at 215. *See, also, Guinn v. County of San Bernardino*, 184 Cal. App. 4th 941, 946 (2010) ("We agree [with *Swift*], and based on the same reasoning, we conclude that a denial of promotion which is based on merit, i.e., on the employee's poor performance on probation, is not a punitive action which requires a hearing.")

Here, the reason for plaintiff's rejection from permanent status was that he demonstrated a lack of good judgment and common sense, and, therefore, did not meet the Department's core values or the minimum standards of the Deputy Sheriff position. Thus, plaintiff's rejection involved no deprivation of due process, and no right to a hearing.

Since plaintiff cannot prove his constitutional rights were violated, Defendants County of Los Angeles, Bondell Golden, Dennis Burns, and Marvin Cavanaugh are entitled to summary judgment on plaintiff's complaint.

## 4.   THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

In a suit against an officer for an alleged violation of a constitutional right, the court must consider, as a threshold matter, whether the officer is entitled to qualified immunity. *Saucier v. Katz* (2001) 533 U.S. 194, 200 (2001). The rule of qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Id.* at 202. "Therefore, regardless of whether the constitutional violation occurred, the [official] should prevail if the right asserted by the plaintiff was not 'clearly established' or the [official] could have reasonably believed that his particular conduct was lawful." *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir.1991). In short, officers can have "a reasonable, but mistaken, belief about the facts or what the law requires in any given situation" and still be entitled to qualified

G:\docsdata\mbg\Carter\Pldg\MSJ\MSJ.001.wpd

immunity. *Ibid.*

Public officials are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  This immunity is appropriate  even if a defendant acted upon a reasonable mistake of fact or law. *Saucier v. Katz,* 533 U.S. 194, 201, 205 (2001).  The plaintiff shoulders the burden of proving that the rights he claims are "clearly established." *See Davis v. Scherer*, 468 U.S. 183, 197 (1984).

In addition, government officials performing discretionary functions are entitled to qualified immunity "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Even if plaintiff could show a constitutional violation, any mistakes of fact or law the defendants may have made were reasonable, entitling them to qualified immunity. *Saucier,* 533 U.S. at 205.

Here, Bondell Golden, Dennis Burns, and Marvin Cavanaugh are entitled to qualified immunity because plaintiff cannot demonstrate that they violated any of plaintiff's clearly established rights. Since it was not clearly established that plaintiff was entitled to a hearing as a probationary employee, qualified immunity applies.

**5.   CONCLUSION.**

Based on the foregoing, Defendants are entitled to summary judgment and/or summary adjudication.

Dated:  April 23, 2012

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP


By:  /s/  Michelle B. Ghaltchi
            Michelle B. Ghaltchi

Attorneys for Defendants,
COUNTY   OF   LOS   ANGELES,
BONDELL GOLDEN, DENNIS BURNS,
MARVIN CAVANAUGH